**PAMACO PARTNERSHIP MGMT. CORP., et al., Appellants,**

v.

**TMC TERRAPLAN MGMT. CORP., Appellee.**

**Civ. A. No. 93–0033(C).**

United States District Court, W.D. Virginia, Charlottesville Division.

Aug. 25, 1993.

---

Craig Thomas Redinger, Slaughter & Redinger, P.C., Charlottesville, VA, for Pamaco Partnership Management Corp., Hans J. Weithoff.

Frederick Warren Payne, Donna Rae DeLoria, Payne & Hodous, Charlottesville, VA, for TMC Terraplan Management Corp.

## MEMORANDUM OPINION

MICHAEL, District Judge.

The case appears before this Court on the motion of TMC Terraplan Management Corp. ("TMC") to dismiss the appeal filed by Pamaco Partnership Management Corp. ("Pamaco") and Hans Wiethoff ("Wiethoff"), President of Pamaco, from the April 2, 1993 Order of the United States Bankruptcy Court for the Western District of Virginia. The motion to dismiss involves procedural requirements with which TMC claims Appellants failed to comply in order to bring an appeal.

## FACTS

Pamaco and Wiethoff were the original general partners in two Virginia partnerships, Hot Springs Auto Wash (L.P.) Partnerships 2 ("HSP2") and 5 ("HSP5"), the debtors in the underlying case. The partnerships each own certain property used as a car wash. After experiencing financial difficulties, the partnerships went into receivership on January 16, 1992, allegedly a defaulting event in the partnership agreements which led to the removal of Pamaco and Wiethoff as general partners.

At a meeting on May 13, 1992, the limited partners of HSP5 voted to remove Wiethoff and Pamaco as general partners, based on Wiethoff's alleged acts of gross negligence in the proposed sale of the car wash without the consent of the limited partners. The limited partners elected TMC to replace Pamaco and Wiethoff and to serve as the general partner for the partnerships. On July 8, 1992, the same actions occurred with regard to HSP2. Subsequent to the votes, written consents were obtained by the requisite number of limited partners to ratify their votes.

On August 7, 1992, the partnerships filed petitions for Chapter 11 bankruptcy, and TMC assumed management over the assets of both car washes. The partnerships filed reorganization plans on December 2, 1992, with the limited partners agreeing to pay all allowed creditors' claims on the condition that the bankruptcy court determine that TMC was the general partner of both HSP2 and HSP5.[1] On April 2, 1993, the Bankruptcy Court entered an order and memorandum opinion finding that Pamaco and Wiethoff were properly removed and directing TMC to file with the Virginia State Corporation Commission amendments to the certificates of limited partnership reflecting such removal.

On April 12, 1993, Pamaco and Wiethoff filed a notice of appeal from the Bankruptcy Court's April 2nd order but failed to request a stay of the court's order pursuant to Bankruptcy Rule 8005. Appellants also failed to pay a $105 filing fee due with the notice. According to TMC, Pamaco and Wiethoff failed to submit the sufficient number of copies of the notice of appeal to the Bankruptcy Court under Rule 8004 and failed to list the names and addresses of all parties to the appeal.

Judge Anderson entered an order on April 12, 1993, authorizing TMC, as general partner, to manage the assets of the car washes. Appellants also failed to file a notice of appeal from this order. Subsequently, TMC executed the provisions of the April 2nd and 12th orders by filing amended certificates with the State Corporation Commission indicating Appellants' removal as general partners and the subsequent election of TMC. TMC performed other actions, including: changing the names of the car washes; abandoning the touchless car wash system with a system using mitters; installing a new, employee compensation system; appointing a new statutory agent; removing the management books to Arizona; receiving new tax identification numbers for the partnerships and other changes.

On April 23, 1993, Pamaco and Wiethoff filed a statement of the issues and designation of the record on appeal, missing the April 22nd deadline for filing under Rule 8006. The appellants paid the requisite filing fee at this time.

On May 11, 1993, Judge Anderson entered an order confirming the HSP5 reorganization plan and TMC as the general partner. Pamaco and Wiethoff failed to file a notice of appeal therefrom.

## DISCUSSION

TMC argues that Appellants' failure to comply with certain procedural requirements requires dismissal. Under Bankruptcy Rule 8001, the district court can impose appropriate sanctions, including dismissal, for a party's noncompliance with

---

1. The reorganization plans for HSP2 and HSP5 specifically provide that the "Additional Capital Commitment will be returned to the limited partners of the Debtor and will not be used to pay Allowed Claims in full if the Court does not confirm on or before the Confirmation Date that TMC is the General Partner of the Debtor."

procedural rules. TMC argues that Appellants have failed to do the following: 1) to comply with the requirements of Rule 8006 by filing the designation of the record on appeal and statement of issues one day late; 2) to comply with Rule 8002 for paying a filing fee with the notice of appeal; 3) to file the notice of appeal in proper form; and 4) to file the correct number of copies of the notice of appeal under Rule 8004. Combined with the failure of the Appellants to secure stays of the Bankruptcy Court's April 2nd, April 12th and May 11th orders, TMC contends that the appeal is moot.

■ The Court disagrees with TMC's assertion that the late payment of the filing fee renders the appeal moot. In *Lowe's of Virginia, Inc. v. Thomas*, 60 B.R. 418 (W.D.Va.1986), the court held that the filing fee is not determinative of compliance with Rule 8002. Appellant's failure here to file the fee before the end of the 10–day period from the date of the bankruptcy court's judgment does not preclude this Court from taking jurisdiction.

■ Similarly, Appellants' failure to file with the Bankruptcy Court a sufficient number of copies of the notice of appeal pursuant to Rule 8002 does not mandate dismissal. In *Gilbert v. Scratch 'n Smell, Inc.*, 756 F.2d 320 (4th Cir.1985), the court held that the failure to give the clerk an adequate number of copies of the notice of appeal did not deprive the district court of jurisdiction. There, the appellant filed timely notice of its appeal following the bankruptcy court's order dismissing the complaint but did not furnish copies of the notice until soon after the expiration of the ten-day period. In the case *sub judice*, TMC presents no evidence that Pamaco and Wiethoff completely failed to comply with the Rule. Rather, the facts indicate that Pamaco and Wiethoff filed a sufficient number of copies to provide TMC with notice of the pending appeal. Additionally, TMC was not deprived of notice of the appeal by Appellants' use of an improper form.

Appellee further contends that dismissal is proper because Pamaco and Wiethoff failed to make timely filings under Rule 8006. Rule 8006 requires the designation of the record and statement of issues on appeal to be filed within ten days of the filing of the notice of appeal. TMC argues that *In re Serra Builders, Inc.*, 970 F.2d 1309 (4th Cir.1992) supports dismissal where the appeals court held that the district court properly dismissed the debtor's appeal for noncompliance with Rule 8006. In *Serra*, the appellant filed the designation of record on appeal fifteen days late. The court employed the standard established in the unpublished Fourth Circuit opinion, *In re Orgain*, 898 F.2d 146 (4th Cir.1990) (table) (per curiam) (text in Westlaw), for reviewing a dismissal of an appeal for noncompliance with Rule 8006. Under the *Orgain* standard, the district court must 1) find bad faith or negligence, 2) provide the appellant with notice and an opportunity to explain the delay, 3) review whether the delay prejudiced the other parties, or 4) indicate that it weighed the effect of the sanction and available alternatives. *Serra*, 970 F.2d at 1311. In *Serra*, the district court dismissed the appeal in the absence of justification for the delay and because the attorney was generally negligent in meeting the procedural requirements. Such findings by the district court were adequate under the *Orgain* standard to render moot the bankruptcy appeal. *Id.* at 1311.

Appellants assert that it is within the court's discretion whether to dismiss the appeal for untimeliness. The one-day delay in filing the designation of the record was harmless, Appellants contend, and TMC has not been prejudiced by the delay.

Some courts have dismissed an appeal for an appellant's failure to file in a timely fashion the designation of the record and statement of issues on appeal. *See In re Duncan*, 95 B.R. 672 (Bankr.W.D.Mo.1988) (dismissal justified where appellants failed to file record on appeal after receiving three extensions); *In re Colombian Coffee Co.*, 71 B.R. 258 (Bankr.S.D.Fla.1987) (court dismissed appeal, finding no excusable neglect, after trustee's eight-day delay in filing designation of record); *In re Web-*

*ster,* 47 B.R. 1012 (M.D.N.C.1985) (dismissal was appropriate where debtors untimely filed designation of record on appeal and ignored appellate briefing rules, the local rule for responses and direct communications from clerk).

■ Noncompliance with Rule 8006 is not jurisdictional, however. *In re Crisp,* 77 B.R. 215, 218 (W.D.Mo.1987). Thus, courts have refused to dismiss an appeal for noncompliance with procedural, nonjurisdictional requirements in the absence of bad faith or prejudice. *See In re Comer,* 716 F.2d 168 (3d Cir.1983) (no error in refusing to dismiss appeal where creditors delayed four days in filing designation of record on appeal); *In re Smith,* 119 B.R. 558 (S.D.Ohio 1989) (dismissal unwarranted where appellant failed to file on time the designation of record and issues on appeal in absence of evidence of bad faith or prejudice). *Crisp,* 77 B.R. at 218–19 (court abused discretion in dismissing appeal for appellants' two-day delay in filing designation of record; appellants' behavior was careless but did not constitute bad faith). Similarly, *Orgain* instructs the district court to make certain findings before dismissing a bankruptcy appeal for noncompliance with Rule 8006.

■ This Court finds persuasive the reasoning of those courts which have declined to dismiss an appeal for noncompliance with the procedural requirements of the Bankruptcy Rules in the absence of bad faith or prejudice. TMC does not suggest and the facts do not indicate that Appellants' one-day delay in filing the designation of the record and statement of the issues constituted bad faith. Nor does TMC provide this Court with facts that Appellants' delay constituted a dilatory tactic. Appellants have complied with the rules, albeit in an untimely fashion, and both parties have filed briefs. Although Appellants have been inattentive and have failed to provide this Court with explanation for their carelessness, the Court finds no evidence of bad faith.

Furthermore, Appellee has failed to demonstrate prejudice by Appellants' one-day delay. TMC does not suggest that its ability to respond to the appeal has been impaired in any way. Thus, this Court finds, in the absence of bad faith or prejudice, it cannot dismiss the appeal for Appellants' noncompliance with Rule 8006.

■ However, TMC contends that permitting the appeal to go forward will prejudice it and the limited partners in their attempt to reorganize the partnerships. Appellants' failure to secure stays of the bankruptcy court's April 2nd, April 12th and May 11th orders pursuant to Bankruptcy Rule 8005 has led to substantial changes in the partnerships themselves as well as in the operation of the car washes and warrants dismissal. Failure to secure the stays renders moot the appeal, according to TMC, especially where the terms of the orders have been effectuated. *See In re Abingdon Realty Corp.,* 530 F.2d 588, 589 (4th Cir.1976); *see also In re Block Shim Dev. Co.–Irving,* 939 F.2d 289 (5th Cir. 1991) (creditor's failure to secure stay of order confirming plaintiff's reorganization substantially precluded appellate review because appeal was rendered partially moot due to occurrence of substantial transactions in absence of stay).

Appellants insist that the failure to obtain stays does not render the appeal moot. Rather, Appellants argue that 11 U.S.C. § 1127(b) permits an appeal from a bankruptcy court order after confirmation and before substantial consummation. Substantial consummation involves the transfer of substantially all the assets, the assumption by the debtor of the business or management of substantially all the property, and the beginning of the plan's distribution. *Id.* § 1101(2). All three elements must be proved to establish substantial consummation. *See In re Bedford Springs Hotel, Inc.,* 99 B.R. 302, 303 (Bankr. W.D.Pa.1989).

This court finds Appellants' reliance on § 1127(b) misplaced. That section allows the proponent of a plan or the reorganized debtor to modify a plan after confirmation. Appellants do not nor could they contend that they represent either the plan proponent or the reorganized debtor. Further-

more, Appellants do not seek modification of the reorganization plan but appeal only on the grounds that they were improperly removed as general partners.

The Fourth Circuit has stated that dismissal for mootness is required "when implementation of the plan has created, extinguished or modified rights, particularly of persons not before the court, to such an extent that effective judicial relief is no longer practically available." *Central States, Southeast & Southwest Areas Pension Fund v. Central Transp., Inc.*, 841 F.2d 92, 96 (4th Cir.1988); *see also In re Block Shim Dev. Co.–Irving*, 939 F.2d 289, 291 (5th Cir.1991) (test for mootness is whether a stay was obtained, the plan was substantially consummated and the requested relief would affect either the rights of the parties not before the court or the success of the plan). Appellants argue judicial relief is still available to them if this Court determines that the court below erred in finding that Appellants were properly removed and that TMC was properly elected to be the successor general partner of the partnerships.

The Court finds that the appeal is moot in light of TMC's implementation of the bankruptcy court orders to amend the limited partnership certificates and to reorganize HSP5 in the absence of a stay. The bankruptcy court has since confirmed both reorganization plans[2] which call for the payment in full of all secured and unsecured claims. Appellants have slept on their rights in this case by failing to appeal or stay the April 12th and May 11th orders, the terms of which have been effectuated. Appellants could have better protected their interest in remaining as the general partners by securing stays of or appealing the bankruptcy court's subsequent orders. Consequently, the appeal has been rendered moot.

## CONCLUSION

The Court denies Appellee's motion to dismiss on the grounds of Appellants' un-

timeliness in complying with the Bankruptcy Rules in order to bring their appeal. However, the appeal will be dismissed as moot for Appellants' failure to stop implementation of the orders of the bankruptcy court entered April 2, April 12 and May 11, 1993. An appropriate Order shall this day issue.

2. The bankruptcy court entered an order on June 9, 1993, confirming the HSP2 plan which is essentially identical to that of HSP5.