### In re SPR CORPORATION, Debtor.

### RESOLUTION TRUST CORPORATION, as Receiver for Liberty Federal Savings Bank, Plaintiff–Appellant,

v.

### SPR CORPORATION, Defendant–Appellee.

### No. 94–1474.

United States Court of Appeals, Fourth Circuit.

Argued Sept. 26, 1994.

Decided Jan. 25, 1995.

**ARGUED:** Alan Lescht, Reid & Priest, Washington, DC, for appellant. H. Jason Gold, Gold & Stanley, P.C., Alexandria, VA, for appellee. **ON BRIEF:** Daniel K. Huston, Reid & Priest, Washington, DC, for appellant. Loraine E. O'Hanlon, Gold & Stanley, P.C., Alexandria, VA, for appellee.

Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, and MICHAEL and MOTZ, Circuit Judges.

Vacated and remanded by published opinion. Judge MICHAEL wrote the opinion, in which Justice POWELL and Judge MOTZ joined.

## OPINION

MICHAEL, Circuit Judge:

The bankruptcy court's order confirming SPR's Chapter 11 reorganization plan was appealed to the district court by the Resolution Trust Corporation (RTC), a secured creditor of SPR Corporation (SPR). The district court dismissed RTC's bankruptcy appeal for failure to file a timely statement of issues on appeal as required by Bankruptcy Rule 8006. The district court believed there was no alternative to dismissal because RTC had not shown excusable neglect as required under Bankruptcy Rule 9006(b)(1). RTC now appeals the dismissal. We conclude that RTC's violation of Rule 8006 should have been dealt with under Bankruptcy Rule 8001(a), which gives the district court discretion to take action short of dismissing the appeal. We therefore vacate the dismissal order and remand for the district court to apply Rule 8001(a).

### I.

On December 22, 1993, the bankruptcy court confirmed SPR's Chapter 11 plan of reorganization from the bench, and a written order was eventually entered on February 4, 1994. RTC filed a timely notice of appeal on January 5, 1994. Rule 8006 requires a bankruptcy appellant to file both a designation of the record and a statement of issues within ten days after filing a notice of appeal. RTC filed a timely designation of the record, but through an admitted oversight, it failed to file a statement of issues.

On February 18, 1994, SPR moved to dismiss the appeal because of RTC's failure to comply with Rule 8006. In response to SPR's motion, RTC filed a statement of issues on February 22, 1994, and two days later filed a cross-motion for leave to file the statement of issues out of time. At a hearing on both motions, the district court granted SPR's motion to dismiss and denied RTC's cross-motion to allow a late filing on the grounds that RTC failed to show "excusable neglect" as required by Rule 9006(b)(1). However, the court granted RTC an extension of time in which to file a new notice of appeal. At a second hearing four days later the court revoked the extension because it was not permitted under Bankruptcy Rule 8002(c).[1] The court then reconfirmed that it could not find excusable neglect, and it granted SPR's motion to dismiss the appeal for RTC's failure to file a timely statement of issues. The district court denied RTC's motion for rehearing, and this appeal followed.

### II.

Rule 8006 requires a bankruptcy appellant, within ten days after filing a notice of appeal, to file a designation of the items to be included in the record and a statement of the issues to be presented on appeal. Two additional rules, Rule 8001(a) and Rule 9006(b)(1), both at issue on this appeal, have potential application to the failure to file a record designation or statement of issues. Under Rule 8001(a):

> Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal.

And under Rule 9006(b)(1):

> when an act is required or allowed to be done at or within a specified period by these rules ... the court for cause shown may at any time in its discretion ... on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Rule 9006 applies to all bankruptcy proceedings. Rule 8001 applies only to appeals.

In this appeal RTC argues that Rule 8001(a) applies and that it required the district court to consider alternatives short of dismissing RTC's appeal. SPR responds

---

1. Under Rule 8002(c) a request to extend the time for filing a notice of appeal may be made within 20 days after the time has expired if the order appealed from is not, among others, an order confirming a plan of reorganization. Here, RTC made the request for extension within 20 days of the expiration of the appeal period, but the district court revoked the extension because RTC was seeking to appeal the order confirming SPR's Chapter 11 reorganization plan.

that Rule 9006(b)(1) applies. According to SPR, once the district court found there was no excusable neglect for RTC's late filing of the statement of issues, the court could not grant an enlargement of time, nor could it allow the appeal to continue without the statement. Therefore, SPR argues, only dismissal was appropriate.

With these arguments we are presented squarely with the question whether Rule 8001(a) or Rule 9006(b)(1) applies to late non-jurisdictional filings in bankruptcy appeals. Heretofore, we have avoided making an express choice between the two rules, but today there is no point in ducking the question.

■ We set forth the standard for determining whether dismissal of a bankruptcy appeal is proper under Rule 8001(a) in *In re Serra Builders, Inc.*, 970 F.2d 1309 (4th Cir. 1992). Before dismissing an appeal for a Rule 8006 violation, a district court, in applying Rule 8001(a), must take at least one of the following steps:

(1) make a finding of bad faith or negligence; (2) give the appellant notice or an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives.[2]

*Id.* at 1311.

■ Rule 9006(b)(1) usually comes into play after a party has moved for an enlargement of time to make a filing in bankruptcy court. If the motion is made after the deadline has passed, Rule 9006(b)(1) makes excusable neglect a prerequisite for an enlargement of time. The Supreme Court has set out a two-step process for determining whether "excusable neglect" exists under Rule 9006(b)(1). *See Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. Partnership,* —— U.S. ——, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). First, the delay in filing must be due to "neglect," which the Court defines to include "inadvertence, mistake, or careless-

ness." *Id.* at ——, 113 S.Ct. at 1495. Second, the neglect must be "excusable." The excusability determination "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at ——, 113 S.Ct. at 1498. These circumstances include:

■ the danger of prejudice to the debtor [or non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.

*Id.*[3]

Our *Serra* test (for applying Rule 8001(a)) and the Supreme Court's *Pioneer* test (for applying Rule 9006(b)(1)) both provide for the consideration of similar factors. However, the *Serra* test, read literally, requires a court to take only one (specifically, "at least one") of several listed steps, while the *Pioneer* test requires it to balance all relevant factors. Thus, Rules 8001(a) and 9006(b)(1), as they have been interpreted, provide slightly conflicting standards for the appropriate action when an appellant fails to file a statement of issues within Rule 8006's ten-day limit.

Courts around the country differ as to whether Rule 8001(a) or Rule 9006(b)(1) provides the proper framework for analyzing a Rule 8006 violation. *See In re Bulic,* 997 F.2d 299, 300–01 (7th Cir.1993), and cases cited therein. While some courts have dismissed appeals for untimely filings under Rule 9006(b)(1), the majority have either relied on Rule 8001(a) or simply decided what to do without reference to either rule. *Compare In re Harlow Fay, Inc.,* 993 F.2d 1351 (8th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 87, 126 L.Ed.2d 55 (1993); *Kuntz v. Pardo,* 160 B.R. 35 (S.D.N.Y.1993) (both applying Rule 9006(b)(1)), *with Serra,* 970 F.2d 1309; *Nielsen v. Price,* 17 F.3d 1276 (10th Cir.1994); *In re Fitzsimmons,* 920 F.2d 1468 (9th Cir.1990); *Sierra Switchboard Co. v. Westinghouse Elec. Corp.,* 789 F.2d 705 (9th Cir.1986) (all applying Rule 8001(a)), *and with In re Champion,* 895 F.2d 490 (8th

**2.** This test that we adopted in *Serra* was lifted directly from our unpublished opinion in *In re J. R. Orgain, Jr.,* 898 F.2d 146 (4th Cir.1990).

**3.** In *Pioneer* the Supreme Court concluded that the neglect of certain creditors and their counsel

to file proofs of claim before the bar date was excusable under Rule 9006(b)(1).

Cir.1990); *Pamaco Partnership Management Corp. v. TMC Terraplan Management Corp.*, 158 B.R. 61 (W.D.Va.1993) (not discussing either rule). *See also Bulic*, 997 F.2d at 300–01 (collecting cases following each approach).

As noted, our circuit until today has left open the question of whether one of these rules should apply to the exclusion of the other in dealing with late non-jurisdictional filings in bankruptcy appeals. Nevertheless, we have consistently analyzed these tardy filings under Rule 8001(a). In *Serra* the bankruptcy appellant was late in filing the designation of items to be included in the record. The appellant said it was tardy because its lawyer was out of the country. This reason was not compelling to the district court, which, in dismissing, found the appellant negligent in failing to attend to the procedural requirements for bankruptcy appeals. We began our review by recognizing that under "Rule 8001, it is clear that the district court has within its discretion the power to impose sanctions including dismissal." *Id.* at 1311. But we emphasized that "the sanction of dismissal for failure to comply with a non-jurisdictional, procedural guideline, such as Rule 8006, [is] a harsh sanction which a district court must not impose lightly." *Id.* We held that a district court, in deciding whether or not to dismiss under Rule 8001(a), must channel its discretion through at least one of the four steps quoted earlier. In affirming the dismissal under Rule 8001(a), we concluded that the record supported the district court's finding that the appellant was negligent (one of the four steps) and failed to give a compelling reason for its delayed filing. We expressly declined to address the appellees' alternative argument that the appellant had failed to show excusable neglect as required by Rule 9006(b)(1).

Our reasoning in *Serra* relied mainly on our unpublished opinion in *In re J.R. Orgain, Jr.*, 898 F.2d 146 (4th Cir.1990). In *Orgain* we applied Rule 8001(a) and reversed an order dismissing a bankruptcy appeal for failure to designate the record. We stressed that outright dismissal was a "particularly harsh sanction." We held that the district court had abused its discretion under Rule 8001(a) because it did not take at least one of the four steps we endorsed subsequently in *Serra*. In *Orgain* we did not consider Rule 9006(b)(1).

In *Orgain* we relied on the Ninth Circuit's decision in *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705 (9th Cir. 1986). In *Sierra Switchboard* the appellant cited her lawyer's heavy workload as the reason for her failure to file a timely record designation. Appellant had not moved for an extension of time under Rule 9006(b)(1), nor could she show excusable neglect under that rule. Nevertheless, the Ninth Circuit concluded that the district court "was well within its discretion" under Rule 8001(a) to permit the appeal to go forward. *Id.* at 707. The Ninth Circuit said that the district court, in exercising its discretion, permissibly recognized that dismissal would unduly penalize the appellant for her lawyer's failures. Finally, allowing the appeal to go forward was consistent with the principle that "[j]ustice is better served when controversies are decided on their merits rather than procedural technicalities." *Id.* (quoting *In re Bienert*, 48 B.R. 326 (D.C. Iowa 1985)). Other courts, in the exercise of sound discretion, have likewise allowed bankruptcy appeals to continue in spite of failure to file non-jurisdictional documents on time, even though the appellants neither moved for an extension nor showed excusable neglect. *See, e.g., In re Beverly Mfg. Corp.*, 778 F.2d 666, 667 (11th Cir.1985) (finding no bad faith, negligence, or indifference in failure to file a brief on time); *In re Comer*, 716 F.2d 168, 177 (3d Cir.1983) (finding no prejudice or bad faith in failure to file timely designation of record and statement of issues); *In re Winner Corp.*, 632 F.2d 658, 660–61 (6th Cir.1980) (finding no bad faith in failure to designate record on time); *Pamaco Partnership Management Corp. v. TMC Terraplan Management Corp.*, 158 B.R. 61, 65 (W.D.Va.1993) (finding no bad faith or prejudice in failure to file timely designation of record and statement of issues); *In re Crisp*, 77 B.R. 215, 218 (W.D. Mo.1987) (finding no bad faith, negligence, or indifference in failure to file timely designation of record and statement of issues).

To help us decide whether to apply Rule 8001(a) or Rule 9006(b)(1), we believe it is also useful to see how courts of appeals deal with untimely non-jurisdictional filings in violation of Fed.R.App.Proc. 10(b), the counterpart of Rule 8006, the rule violated here by RTC. In such cases courts of appeals frequently apply the rule allowing steps short of dismissal (Fed.R.App.Proc. 3(a), the counterpart of Rule 8001(a)) and ignore the rule relating to motions for enlargement of time (Fed.R.App.Proc. 26(b), the counterpart of Rule 9006(b)(1)).[4] *See, e.g., Island Creek Coal Co. v. Local Union No. 1827, United Mine Workers,* 568 F.2d 7, 8 (6th Cir.1977) (refusing to dismiss appeal for failure to file statement of issues where no prejudice shown); *Rodriguez v. Anderson,* 973 F.2d 550, 552 (7th Cir.1992) (denying motion to dismiss appeal and allowing transcript to be filed after oral argument); *United States v. One Motor Yacht Named Mercury,* 527 F.2d 1112, 1113 (1st Cir.1975) (permitting appeal to continue with incomplete transcript). In dealing with their own appeals, courts of appeals thus exercise discretion in light of all the circumstances in deciding whether noncompliance with non-jurisdictional filing requirements warrants dismissal. *See* 9 James W. Moore, et al., Moore's Federal Practice ¶ 203.12 (1994) (citing cases). In bankruptcy appeals district courts should have similar discretion to reach a fair result in dealing with late filings.

■ Our survey of the cases has thus led us to the following conclusion: Bankruptcy Rule 8001(a), as applied through the *Serra* test, provides the proper framework to analyze an untimely, non-jurisdictional filing in bankruptcy appeals. We recognize that this approach does reduce the role of Rule 9006(b)(1) in bankruptcy appeals, but we think it is the most sensible way to reconcile Rule 9006(b)(1) with Rule 8001(a). To hold that Rule 9006(b)(1) applies and mandates dismissal absent excusable neglect would effectively negate Rule 8001(a)'s clear grant of discretion to district courts to take appropriate action short of dismissal. And to hold that a court may consider options short of dismissal, but permit a late filing of the statement of issues only if excusable neglect exists, would lead to the following absurd result: absent excusable neglect, a court could allow an appeal to continue under Rule 8001(a) without a statement of issues, but it could not grant an extension of time under Rule 9006(b)(1) to permit a late filing of that statement. Neither party has advocated this interpretation, and we decline to adopt it. Finally, Rule 8001(a)'s flexible approach accommodates the interest recognized by the Ninth Circuit in *Sierra Switchboard,* 789 F.2d at 707, of allowing cases to be decided on their merits rather than on procedural technicalities.

We are therefore comfortable in holding that when a bankruptcy appellant is tardy in making a non-jurisdictional filing under Rule 8006, the district court must exercise its discretion under Rule 8001(a) in deciding whether or not to dismiss the appeal. Rule 8001(a) is, of course, applied through the *Serra* test, and we conclude this part with a brief word about the application of that test. Read literally, *Serra* mandates at least one of four steps. One of those steps (step two) is giving the tardy appellant "notice and opportunity to explain the delay." 970 F.2d at 1311. The notice and explanation step could not end the inquiry, however, because the exercise of discretion is required. Any fair reading of *Serra* reveals that a proper application of its test will normally require a district court to consider and balance all relevant factors, including the good faith of the appellant (*see* step one) and possible prejudice to other parties (*see* step three). Finally, throughout the process a district court should bear in mind that, although dismissal is an option, less drastic alternatives must be considered (*see* step four).

## III.

Our final question is whether the district court properly exercised its discretion in dismissing RTC's appeal. An abuse of discretion can result from the "failure ... actually to exercise discretion" or reliance on "errone-

---

4. After a deadline has passed, Fed.R.App.Proc. 26(b) allows an enlargement of time "for good cause shown," and Bankruptcy Rule 9006(b)(1) allows one for "excusable neglect."

ous ... legal premises." *James v. Jacobson,* 6 F.3d 233, 239 (4th Cir.1993).

SPR argues that because the district court gave RTC notice and an opportunity to explain the delay, one of the four *Serra* steps, it properly exercised its discretion under Rule 8001(a). As we have just explained, this step alone cannot end the inquiry. More importantly, SPR's argument is beside the point because the district court did not conduct a Rule 8001(a) analysis. Instead, the court erroneously determined that because it did not find excusable neglect under Rule 9006(b)(1), it could not grant an extension of time and was therefore required to dismiss the appeal. The court concluded that it did not have the discretion to consider measures short of dismissal, a conclusion contrary to what is allowed by Rule 8001(a). By not applying Rule 8001(a), the district court failed "actually to exercise," and thus abused, its discretion.[5]

Accordingly, we vacate the dismissal order of the district court and remand for the application of Bankruptcy Rule 8001(a).

*VACATED AND REMANDED.*

---

**5.** Because we hold that Rule 8001(a) provides the proper analytical framework for this case, we need not address whether the district court properly applied the *Pioneer* test to determine whether excusable neglect existed under Rule 9006(b)(1).