In re Michaud                          CV-96-323-SD  08/22/96
                UNITED STATES DISTRICT COURT FOR THE

                    DISTRICT OF NEW HAMPSHIRE


In re Gloria Michaud,
              Debtor


Gloria Michaud

     v.                                    Civil No. 96-323-SD

United States of America



                          O R D E R


     Appellant United States appeals from the order of the

bankruptcy court (Vaughn, J.), wherein appellee Gloria Michaud

was found to be an innocent spouse as defined by 26 U.S.C. §

6013(e), disallowing the Internal Revenue Service's proof of

claim for Michaud's alleged 1980 and 1981 income tax liabilities.

     Presently before the court are the government's revised

motion to file brief out of time,[1] and the appellee's motion to

dismiss appeal.  An objection has been filed to each motion.

_____

     [1]The government's July 18, 1996, motion was ordered
nonconforming due to its failure to comply with Local Rules
7.1(a)(2) (no memorandum of law filed or statement explaining why
none is necessary) and 7.1(c) (no statement of concurrence
included).  A revised motion was filed on July 30, 1996, curing
the noted defects.

## Background

Appeal of the bankruptcy court's order was docketed in this court on June 19, 1996. Pursuant to Bankruptcy Rule 8009, the brief for the United States was due to be filed, at the latest, by July 5, 1996. The brief, though nonconforming, was first filed with the court on July 18, 1996. A revised, now conforming, brief was filed on July 30, 1996.

## Discussion

Pursuant to Bankruptcy Rule 8009, "[u]nless the district court or the bankruptcy appellate panel by local rule or by order excuses the filing of briefs or specifies different time limits: (1) The appellant shall serve and file a brief within 15 days after entry of the appeal on the docket . . . ." Bankr. Rule 8009(a)(1) (Supp. 1996).[2] However, "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal." Bankr. Rule 8001(a).

When a party to a bankruptcy proceeding, whether before the

---

[2]Local Rule 77.4(c)(2) directs the parties to "file briefs in accordance with the deadlines established in [Bankruptcy Rule] 8009."

2

bankruptcy court or on appeal, moves for an enlargement of time after the deadline has passed, "Rule 9006(b)(1) makes excusable neglect a prerequisite for an enlargement of time." RTC v. SPR Corp. (In re SPR Corp.), 45 F.3d 70, 72 (4th Cir. 1995).

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Bankr. Rule 9006(b)(1) (Supp. 1996). Whether "excusable neglect" exists requires a two-step process of inquiry: "First, the delay in filing must be due to 'neglect,' which the Court defines to include 'inadvertence, mistake, or carelessness.' Second, the neglect must be 'excusable.' The excusability determination 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" SPR Corp., supra, 45 F.3d at 72 (citing and quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 388, 395 (1993)).

Such "relevant circumstances", the Court identified, include "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."

<u>Pioneer Inv. Servs.</u>, <u>supra</u>, 507 U.S. at 395 (citation omitted).

Bankruptcy Rule 8001(a) is cast in permissive language and "does not require that the appeal be dismissed in every case in which a brief is not filed on time." 9 Lawrence P. King, et al., Collier on Bankruptcy ¶ 8009.04, at 8009-5 (1996). "The matter rests in the sound discretion of the court, in light of all the circumstances, which may include the substantiality of the questions presented on appeal, prejudice to the appellee or want of it, and the <u>bona fides</u> of the appellant." <u>Id.</u> ¶ 8001.07, at 8001-15 (footnotes omitted). Moreover, the reported cases take the general approach that "'[d]ismissal of an appeal for failure to file a brief is a severe sanction.'" <u>In re Scheri</u>, 51 F.3d 71, 74 (7th Cir. 1995) (quoting Daniel R. Cowans, Bankruptcy Law & Practice § 18.6, at 530 (6th ed. 1994)).[3]

Consideration of the factors enunciated by the Court in <u>Pioneer Inv. Servs.</u>, <u>supra</u>, 507 U.S. at 395, satisfies the court that equity requires the enlargement of the period of time in which appellant can file its brief. No prejudice has ensued to the debtor due to appellant's neglect; defense of the appeal on the merits rather than success on a procedural technicality is in

---

[3]Such rulings comport well with the First Circuit's "traditional preference for resolution of cases on the merits while giving due consideration to practical requirements of judicial administration." <u>Key Bank of Me. v. Tablecloth Textile Co.</u>, 74 F.3d 349, 356 (1st Cir. 1996) (citations omitted).

no way the kind of prejudice contemplated by the Court's jurisprudence in this area. Appellant's thirteen-day delay, delay though it may be, has not demonstrably complicated or impermissibly impacted the administrative machinery of this court.

The final two factors--the reason for the delay and the movant's good faith--cause the court some pause, but still do not weigh in favor of dismissal. Attorney Campobasso's negligence is the sole reason for the court having to undertake the present inquiry. See Declaration of Carina J. Campobasso ¶¶ 2-3 (attached to July 18, 1996, Motion to File Brief Out of Time). That the brief was completed "one week in advance of its due date," Revised Motion at 6, does not lessen, and perhaps enhances, the seriousness of this oversight.

However, counsel's error exhibits none of the impermissible and equity diminishing signs of bad faith, dilatory motive, or harassment. Once apprised of the error, counsel acted most expeditiously to rectify the oversight, and has subsequently advocated the government's position with the utmost zeal. The court is confident that all future time constraints will be precisely hewed to by all counsel or that, when necessary, motions to extend applicable deadlines will be sought in a timely fashion.

Accordingly, the court herewith finds and rules that appellant's delay in causing the government's brief to be filed was a consequence of neglect, albeit excusable neglect. In consequence thereof, the revised motion to file brief out of time is granted, and the time for filing same is herewith enlarged.[4] Correspondingly, appellee's motion to dismiss appeal must be and herewith is denied.

Appellant's brief is ordered docketed as of the date of this order. If not completed already, appellant shall cause a copy of such brief to be served on appellee. Further briefing shall follow the course charted by Bankruptcy Rule 8009(a)(2)-(3).[5]

---

[4]Although Local Rule 77.4(c)(3) indicates that failure to file a timely brief is cause for dismissal of the appeal for lack of prosecution, the impact of such rule is tempered by the court's ultimate discretion to "excuse a failure to comply with any local rule whenever justice so requires," L.R. 1.3(b). The finding herein of "excusable neglect" is one such circumstance.

[5]Pursuant to this Rule,

> (2) The appellee shall serve and file a brief within 15 days after service of the brief of appellant. If the appellee has filed a cross appeal, the brief of the appellee shall contain the issues and argument pertinent to the cross appeal, denominated as such, and the response to the brief of the appellant.
> (3) The appellant may serve and file a reply brief within 10 days after service of the brief of the appellee, and if the appellee has cross-appealed, the appellee may file and serve a reply brief to the response of the appellant to the issues presented in the cross appeal within 10 days after service of the reply brief of the

<u>Conclusion</u>

For the reasons set forth herein, appellee's motion to dismiss appeal (document 7) is denied, and appellant's revised motion to file brief out of time (document 10) is granted. Appellant's brief is to be docketed as of the date of this order and caused to be served upon appellee. Further briefing of the appeal shall comport with the strictures of Bankruptcy Rule 8009, subparts (2) and (3).

SO ORDERED.

 

_____
Shane Devine, Senior Judge
United States District Court

August 22, 1996

cc: David L. Broderick, Esq.
    Carina J. Campobasso, Esq.
    Stephen C. Chute, Esq.
    Sarah Ruef Luck, Esq.
    George Vannah, Clerk

---

appellant. No further briefs may be filed except with leave of the district court or the bankruptcy appellate panel.

Bankr. Rule 8009(a)(2)-(3) (1984 & Supp. 1996).