**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-1875**

---

JONI LYNNE LAWSON,

                                        Debtor - Appellant,

          versus

DOUGLAS O. TICE, JR., Judge, United States
Bankruptcy Court,

                                                   Appellee,

          versus

ROBERT E. HYMAN, Trustee,

                                        Party in Interest.

---

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  Richard L. Williams, Senior
District Judge. (CA-04-238-3; BK-03-41613-DOT)

---

Submitted:  October 26, 2004          Decided:  November 1, 2004

---

Before TRAXLER, KING, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Joni Lynne Lawson, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Joni Lynne Lawson appeals from the district court's order dismissing her appeal from the bankruptcy court for failure to prosecute. We affirm the district court's order.

After the bankruptcy court dismissed Lawson's Chapter 13 case for failure to comply with a court order, Lawson timely noted her appeal to the district court. Although granted additional time to do so, Lawson failed to file her appeal brief and did not request a further extension of time or provide any explanation to the district court. The district court dismissed the appeal for failure to prosecute.

Bankruptcy Rule 8009(a)(1) provides that the appellant must serve and file a brief within fifteen days after entry of the appeal on the docket. To determine whether to dismiss a bankruptcy appeal for failure to timely file the appeal brief, the district court must exercise its discretion under Bankruptcy Rule 8001(a). See In re SPR Corp., 45 F.3d 70, 74 (4th Cir. 1995). In applying Rule 8001(a), the district court must: "(1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives," keeping in mind that dismissal is a "harsh sanction which a district court must not impose lightly." In re

Serra Builders, Inc., 970 F.2d 1309, 1311 (4th Cir. 1992). Proper application of the Serra Builders test requires the court to consider and balance all relevant factors. SPR Corp., 45 F.3d at 74.

In this case, Lawson admittedly did not timely file her appeal brief as required by Rule 8009(a)(1). The district court found this to be negligence and not excusable neglect and dismissed the appeal for failure to prosecute. Although the district court did not address the four Serra Builder factors, in this case, we find such error to be harmless.

This Court reviews a judgment of the district court sitting in review of a bankruptcy court de novo, applying the same standards of review that were applied in the district court. Three Sisters Partners, L.L.C. v. Harden (In re Shangra-La, Inc.), 167 F.3d 843, 847 (4th Cir. 1999). The bankruptcy court's order dismissing Lawson's bankruptcy case for failure to comply with a court order is reviewed for abuse of discretion. Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir. 1989). Prior to dismissing Lawson's Chapter 13 case, the bankruptcy court issued a show cause order, held a hearing, and allowed Lawson additional time. In the order dismissing the show cause order, the bankruptcy court detailed the requirements Lawson had to fulfill to avoid dismissal of her bankruptcy case. Despite these measures, Lawson failed to timely notice the rescheduled meeting of creditors and failed to

file her bankruptcy schedules.  On these facts, the bankruptcy court did not abuse its discretion in dismissing the petition. Because a remand to the district court for consideration of the <u>Serra Builder</u> factors would not ultimately result in a reversal of the bankruptcy court's decision to dismiss Lawson's bankruptcy case, we find that the district court's failure to consider all of the factors was harmless.

Accordingly we affirm the district court order dismissing Lawson's appeal.  In light of this disposition, we deny Lawson's motion to stay the foreclosure sale scheduled to occur on November 1, 2004.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>