In Re: SERRA BUILDERS,
INCORPORATED,
Debtor.

SERRA BUILDERS, INCORPORATED,
Plaintiff–Appellant,

v.

JOHN HANSON SAVINGS BANK FSB;
J. Ronald Roth; Carol P. Roth,
Defendants–Appellees.

No. 91–2241.

United States Court of Appeals,
Fourth Circuit.

Argued April 6, 1992.

Decided June 22, 1992.

James Paul Koch, Baltimore, Md., argued, for appellant.

Frederick Charles Leiner, Tydings & Rosenberg, Baltimore, Md., argued (Paul D. Trinkoff, on the brief), for appellee Roth.

Bowen P. Weisheit, Jr., Baltimore, Md., argued, for appellee John Hanson FSB.

Before WIDENER and LUTTIG, Circuit Judges, and WARD, Senior United States District Judge for the Middle District of North Carolina, sitting by designation.

OPINION

HIRAM H. WARD, Senior District Judge:

This appeal arises from the district court's decision to grant appellees' motion to dismiss appellant's appeal of a decision in the United States Bankruptcy Court for the District of Maryland. In granting appellee's motion, the district court found

that appellant had violated Bankruptcy Rule 8006 and that dismissal of appellant's appeal was justified. There being no error in the district court's determination, we affirm.

## I.

On December 3, 1990, appellant, Serra Builders, Inc. ("Serra"), filed a complaint in the United States Bankruptcy Court for the District of Maryland in which it moved the court to avoid the foreclosure sale of certain real property known as 14 Sparks Farm Road as a prepetition fraudulent transfer as defined by § 548 of the Bankruptcy Code. Soon thereafter, appellees, J. Ronald Roth and Carol Roth ("Roths"), moved the Bankruptcy Court to dismiss appellant's claim and grant summary judgment in their favor. On March 13, 1991, the Bankruptcy Court granted appellees' motions and dismissed appellant's claim, 128 B.R. 615.

Appellant timely filed its Notice of Appeal to the United States District Court for the District of Maryland on May 16, 1991. Under Bankruptcy Rule 8006, appellant should have filed its designation of items to be included in the record on appeal within ten days of the Notice of Appeal (i.e., by May 26, 1991). However, appellant did not file its designation of the record on appeal until June 10, 1991, fifteen days late. Appellant's filing of its designation occurred four days after appellees moved the district court to dismiss appellant's appeal because appellant had not timely filed its designation in accordance with Bankruptcy Rule 8006 and local District Court Rule 403.

On July 23, 1991, the district court granted appellees' motion to dismiss appellant's appeal. The instant appeal arises from that ruling of the district court.

## II.

Appellant argues that the late filing of its designation was not egregious enough to impose the extreme sanction of dismissal. First, appellant contends that as a general rule dismissal is not appropriate unless the court makes a showing of "bad faith" on the part of the non-movant. According to appellant, since the district court made no such finding in its opinion, the court should not have dismissed appellant's appeal. Second, appellant asserts that this appeal involves important, unresolved issues under the Bankruptcy Code relating to the applicability of *Durrett v. Washington Nat'l Ins. Co.,* 621 F.2d 201 (5th Cir. 1980) in this Circuit. Third, appellant argues that even though it filed its designation fifteen days late, the Clerk of the District Court docketed the case anyway. This action, maintains appellant, precluded its late filing from prejudicing appellees in any way because it led to neither delay nor postponement of the briefing schedule. Fourth, appellant states that its attorney takes full responsibility for appellant's delay in filing its designation. Accordingly, appellant contends that because it was blameless, the district court should not have imposed the harsh sanction of dismissal. Finally, proceeding on the assumption that the district court's decision would be vacated, appellant asserts that because the record in the case is fully developed, this Court should rule in its favor on the merits of the case.

Appellees argue that the district court did not abuse its discretion in dismissing appellant's appeal. First, appellees maintain that appellant displayed a pattern of dilatoriness throughout the course of this action and that appellant is not a "first time offender" as it argues. Second, appellees contend that the district court acted well within the bounds of its discretion in dismissing appellant's appeal and that its decision conforms to the unpublished Fourth Circuit opinion, *In re: J.R. Orgain, Jr.,* 898 F.2d 146 (4th Cir.1990), where this Court established criteria for dismissing an appeal for failing to follow Bankruptcy Rule 8006. Third, appellees argue that even without the benefit of this Court's decision in *Orgain,* appellants failed to establish "excusable neglect" as required under Bankruptcy Rule 9006, a general provision relevant to bankruptcy appeals to the district court. Fourth, appellees assert that the equities and policy implications of the instant case weigh in their favor. Finally, appellees contend that this Court should not reach the merits of this case because such a review is barred by *res judicata.*

## III.

■ Bankruptcy Rule 8001(a) provides in pertinent part:

(a) Appeal as of Right; How Taken.... Failure of an appellant to take any step other than the timely filing of notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, *which may include dismissal of the appeal.*

Bankruptcy Rule 8001(a) (emphasis added). Under the language of Rule 8001, it is clear that the district court has within its discretion the power to impose sanctions including dismissal upon an appellant for not complying with the procedural requirements of the bankruptcy rules.

Bankruptcy Rule 8006 is the procedural rule at issue in this case. The rule provides:

Within ten days after filing the notice of appeal as provided by Rule 8001(a) or entry of an order granting leave to appeal the appellant *shall* file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented....

Bankruptcy Rule 8006 (emphasis added).

There are no published Fourth Circuit opinions addressing the propriety of a district court's decision to dismiss a party's bankruptcy appeal due to non-compliance with Rule 8006 of the Bankruptcy Rules. However, in an unpublished opinion, *In re: J.R. Orgain, Jr.*, 898 F.2d 146 (4th Cir. 1990) (per curiam), this Court addressed the above issue. *Orgain*, although not binding as precedent, supplies helpful guidance on the criteria this Court should use in reviewing the district court's decision in the instant case.

In *Orgain*, the appellant failed to designate the record on appeal within the ten-day period allotted by Bankruptcy Rule 8006. As a result, the district court dismissed the bankruptcy appeal of the appellant, but this Court vacated the district court's order. In so doing, this Court recognized that the sanction of dismissal for failure to comply with a non-jurisdictional, procedural guideline, such as Rule 8006, was a harsh sanction which a district court must not impose lightly. *In re: J.R. Orgain, Jr.*, No. 89-2799, slip op. at 2 (4th Cir. Feb. 28, 1990) 898 F.2d 146 (table) full text available on WESTLAW 1990 WL 27359

(citing *Sierra Switchboard Co. v. Westinghouse Electric Corp.*, 789 F.2d 705, 706-07 (9th Cir.1986)). This Court also established the criteria that a district court should follow in determining whether to dismiss a party's bankruptcy appeal for violating Rule 8006. The Court held that the district court must take at least one of the following steps: (1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives. *Id.*

■ In the instant case, the district court found that appellant failed to present the court with any compelling reasons for its delay in filing its designation. *In re: Serra Builders, Inc.*, No. N-91-1572, slip op. at 2 (D.Md. July 23, 1991). In fact, the district court found that appellant was "negligent" with regards to the entire procedural requirements of the bankruptcy appeals process. *Id.* The record clearly supports these determinations.

It is undisputed that appellant failed to comply with Bankruptcy Rule 8006 in that appellant filed its designation of items to be included in the record on appeal fifteen days late. Additionally, appellant never filed a request for an extension before the time had passed for appellant to file its designation. Appellant's only explanation for not filing its designation in a timely manner was that its attorney was out of the country. This explanation does not provide a basis for disturbing the district court's rulings. Further, since we affirm the district court's dismissal of appellant's appeal on this basis, we need not address appellee's argument based on Bankruptcy Rule 9006 nor appellant's assertion that it should prevail on the merits of the case.

Therefore, there being no error with the district court's determination, the judgment of that court is hereby

AFFIRMED.