**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: EDWARD R. BUTLER,
Debtor.

EDWARD R. BUTLER,
Plaintiff-Appellant,

v.

STATE OF MARYLAND COMPTROLLER OF

THE TREASURY,
Defendant-Appellee,

v.

RESOLUTION TRUST CORPORATION, as
Receiver for Baltimore Federal
Financial, F.S.A.; TERRY L. MUSIKA,
United States Trustee,
Parties in Interest.

No. 96-1523

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Alexander Harvey II, Senior District Judge.
(CA-96-672-H, BK-90-3087-5-JS)

Submitted: October 31, 1996

Decided: November 20, 1996

Before HAMILTON, WILLIAMS, and MOTZ, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Edward R. Butler, Appellant Pro Se. Wallace E. Hutton, OFFICE OF THE COMPTROLLER OF THE STATE OF MARYLAND, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Edward R. Butler appeals from the district court's order dismissing his appeal from the bankruptcy court for failing to timely file a designation of the record on appeal and statement of issues and from the order denying reconsideration. We vacate the district court's orders and remand this action to the district court for further proceedings.

In an earlier appeal, this court vacated and remanded the district court's order dismissing as untimely Butler's appeal from the bankruptcy court's denial of his motion for reconsideration of the order converting his bankruptcy case from a Chapter 11 reorganization proceeding to a Chapter 7 liquidation. On further remand to the bankruptcy court, the bankruptcy judge reviewed the audiotape of the hearing on the motion to vacate and entered an order denying the motion. The bankruptcy court found that Butler's misconduct while acting as debtor-in-possession justified the conversion of his bankruptcy case from Chapter 11 to Chapter 7.

Butler timely noted his appeal from the order denying his motion to vacate the conversion order but failed to timely file his designation of the record and his statement of issues for appeal. Based on this failure, the district court dismissed the appeal for failure to comply with Bankruptcy Rule 8006. After the district court dismissed Butler's

2

motion for reconsideration of the dismissal, Butler timely noted his appeal to this court.

Bankruptcy Rule 8006 provides that an appellant must designate the items to be included in the record on appeal and file a statement of the issues within ten days of filing the notice of appeal. To determine whether to dismiss a bankruptcy appeal for failure to timely file the designation of the record or the statement of issues, the district court must exercise its discretion under Bankruptcy Rule 8001(a). In re SPR Corp., 45 F.3d 70, 74 (4th Cir. 1995). In applying Rule 8001(a), the district court must take one of the four steps outlined in In re Serra Builders, Inc., 970 F.2d 1309 (4th Cir. 1992). Specifically, the court must: "(1) make a finding of bad faith or negligence; (2) give the appellant notice or an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives," keeping in mind that dismissal is a "harsh sanction which the district court must not impose lightly." Id. at 1311. Proper application of the Serra test requires the court to consider and balance all relevant factors.

In this case, Butler admittedly did not timely file the designation of the record or the statement of issues as required by Rule 8006. The district court dismissed the appeal, citing Rule 8006. However, the district court did not examine Butler's failure to make this non-jurisdictional filing in light of Rule 8001(a) and the balancing test set forth in Serra Builders and explained in SPR Corp. This failure by the district court to actually exercise its discretion by considering and balancing all relevant factors amounts to an abuse of discretion. See James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993).

Accordingly we vacate the district court orders dismissing Butler's appeal and denying reconsideration and remand this case to the district court for application of Bankruptcy Rule 8001(a), as explained in Serra Builders and SPR Corp.. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

3