United States Court of Appeals,

Fifth Circuit.

No. 96-31325

Summary Calendar.

In the Matter of M.A. BAHETH CONSTRUCTION CO., INC., Debtor.

M.A. BAHETH & CO., INC., Appellant,

v.

Martin A. SCHOTT, and Fidelity and Deposit Insurance Company of Maryland, Appellees.

Aug. 8, 1997.

Appeal from the United States District Court for the Middle District of Louisiana.

Before JONES, DeMOSS and PARKER, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Because appellant has willfully refused to comply with FED.R.APP.P. 6(b)(2)(ii), applicable in appeals from bankruptcy court decisions, we dismiss.

PROCEDURAL HISTORY

On July 6, 1995, M.A. Baheth & Company, Inc. ("Baheth"), filed a complaint in federal district court alleging that Martin A. Schott, chapter 7 trustee, and Fidelity and Deposit Company of Maryland ("Fidelity") had wrongfully obtained a temporary restraining order against Baheth that caused it to lose a $3,645,424.00 construction contract.[1]  The case was referred to

---

[1]The order prohibited Baheth from disposing of the property of M.A. Baheth Construction Co., Inc., the chapter 7 debtor for which Schott was the trustee.  Fidelity was the surety on Schott's bankruptcy trustee bond.

bankruptcy court. On March 22, 1996, Fidelity filed a motion to dismiss, or alternatively, for summary judgment, and hearing was set for April 19, 1996. Baheth's counsel, Steven Young, received notice of this hearing, but neither Baheth nor Young responded to the motion or attended the hearing. At the April 19th hearing, the bankruptcy court granted Fidelity's motion for summary judgment and dismissed Baheth's case with prejudice, and a copy of the written order issued on that date was sent to Baheth's counsel.

On April 26, 1996, Young filed a motion on Baheth's behalf to substitute Linda Ritzie as counsel. On May 3, 1996, Baheth filed a notice of appeal of the April 19th order, along with a motion to file an appeal out of time. On May 10, 1996, the bankruptcy court entered an order denying the motion to appeal out of time without prejudice. Baheth filed an amended motion to file an appeal out of time on May 15, 1996, and on May 20, 1996, the court ordered Baheth's May 3rd notice of appeal stricken from the record and issued an order, which was entered on May 21, 1996, denying the amended motion. Baheth appealed the May 21st order in federal district court, which affirmed the bankruptcy court's order denying the amended motion to file an out of time appeal. Baheth now appeals the district court's judgment in this court.

Baheth filed its notice of appeal of the district court judgment on December 23, 1996. On January 30, 1997, however, Fidelity filed a motion in this court to dismiss Baheth's appeal for failure to comply with FED.R.APP.P. 6(b)(2)(ii), which states in part, "[w]ithin 10 days after filing the notice of appeal, the

2

appellant shall file with the clerk possessed of the record assembled pursuant to Bankruptcy Rule 8006, and serve on the appellee, a statement of the issues to be presented on appeal and a designation of the record to be certified and transmitted to the clerk of the court of appeals." Baheth never filed a statement of the issues to be submitted on appeal with this court (other than filing the actual Appellant's Brief on March 6, 1997), and it has never designated the record on appeal. The motion to dismiss was carried with the case; it is unnecessary to address the merits of the appeal, because dismissal of the appeal is warranted for Baheth's deliberate failure to comply with Rule 6.

DISCUSSION

It is instructive to look at Bankruptcy Rule 8006 for guidance in this matter. Rule 6(b)(2)(ii) clearly refers to and parallels Bankruptcy Rule 8006's requirement that a party appealing to a district court or bankruptcy appellate panel "file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." As Bankruptcy Rule 8001(a) makes clear, "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, *which may include dismissal of the appeal* " (emphasis added). Other circuits have held that an appellant's failure to comply with procedural rules such as Rule 8006 warrants dismissal of the appeal pursuant to Rule 8001(a).

3

*See Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir.1994) (affirming district court's judgment dismissing appellants' appeal for failure to comply with Bankruptcy Rules 8006 and 8009(a)); *Serra Builders, Inc. v. John Hanson Savings Bank FSB,* 970 F.2d 1309, 1311 (4th Cir.1992) (affirming the district court's sanction of dismissal for appellant's failure to file its designation of the record pursuant to Rule 8006 until twenty-five days after filing notice of appeal); *but cf. Fitzsimmons v. Nolden,* 920 F.2d 1468, 1472 (9th Cir.1990) (observing that district court must first consider alternative sanctions in lieu of dismissal for failure to comply with Rule 8006 unless the case presents egregious circumstances such as bad faith on the part of the appellant).

Although this court has never addressed the issue, we conclude that failure to comply with Rule 6(b)(2)(ii) authorizes this court, in its discretion, to impose sanctions including dismissal of the appeal. As for whether there are any mitigating factors, Baheth offers no justification for its failure to comply with Rule 8006's requirements in a timely manner, other than the bald and belated assertion that this is not a bankruptcy case, and therefore, the bankruptcy court lacked jurisdiction. After a scheduling conference with the attorneys for each party on March 5, 1996, however, the bankruptcy court issued on March 15, 1996 an Order Following Scheduling Conference that specifically stated: "This proceeding is a "core' proceeding as described in 28 U.S.C. § 157(b)(2)(A). *Neither party wishes to contest the status of this proceeding as a core or noncore proceeding.* The Court determines

4

that this is a core proceeding and will enter a final judgment rather than issue proposed findings of fact and conclusions of law, pursuant to Bankruptcy Rule 9033" (emphasis added). Baheth does not contest the bankruptcy court's determination that both parties had consented to its trying the case.

Baheth nevertheless contends in defense of its not abiding by FRAP 6(b)(2)(ii) that the bankruptcy court completely lacked subject matter jurisdiction. There are two problems with this approach. First, Baheth cannot bootstrap its argument on the merits into a defense against having to comply with the procedural rules. Until and unless the determination of bankruptcy court jurisdiction is overturned, Baheth was bound to comply with the court's judgment—and the procedural consequences thereof.

Second, Baheth is wrong on the jurisdictional point. Baheth's suit seeking damages from a trustee and the surety on the bond for the trustee's actions in obtaining an injunction to prohibit Baheth from disposing of the assets of the estate constituted, at the very least, a matter "related to a case under title 11" within the meaning of 28 U.S.C. § 157(a). *See, e.g., In re Ferrante,* 51 F.3d 1473, 1476 (9th Cir.1995) (stating that a suit that involved trustees' duties under the Bankruptcy Code to administer estate property and a surety's liability on its bond for the estate's benefit "involves a core issue"); *Robinson v. Michigan Consol. Gas Co.,* 918 F.2d 579, 583-84 (6th Cir.1990) (finding that a suit against a trustee was "related to" a bankruptcy proceeding because the estate would have to reimburse

5

the trustee if the suit were successful).  Consequently, it was appropriate for this case to be referred to the bankruptcy court. Furthermore, by failing to object to the bankruptcy court's assumption of core jurisdiction, Baheth impliedly consented to the court's entry of final judgment.  *In re Texas General Petroleum Corp.,* 52 F.3d 1330, 1337 (5th Cir.1995).  Thus, the bankruptcy court was statutorily authorized to enter judgment in this case, even if the matter could be characterized as non-core.  *See id.;* 28 U.S.C. § 157(c)(2);  28 U.S.C. § 636(c).

Baheth also argues that it would not be in the interest of justice to dismiss this appeal for failure to comply with Rule 6, in part because the clerk of the court, according to Baheth, sent notice on January 22, 1997 that the record on appeal had been filed with this court.  Although the record on appeal was filed on January 20, 1997, this does not affect Baheth's underlying burden to file with the court and serve on appellees a statement of the issues and designation of the record, nor has the underlying purpose of Rule 6(b)(2)(ii) been served.[2]  In light of Baheth's failure to comply with both the deadline and substantive requirements of Rule 6(b)(2)(ii), it is proper to dismiss Baheth's

---

[2]Rule 6(b)(2)(ii) serves a specific purpose—the advisory notes to subdivision (b)(2) state in part:  "Paragraph (ii) calls for redesignation of the appellate record assembled in the bankruptcy court pursuant to Rule 8006 of the Rules of Bankruptcy Procedure. After an intermediate appeal, a party may well narrow the focus of its efforts on the second appeal and a redesignation of the record may eliminate unnecessary material.  The proceedings during the first appeal are included to cover the possibility that independent error in the immediate appeal, for example failure to follow appropriate procedures, may be assigned in the court of appeals."

6

appeal, and this court need not proceed to the merits and determine whether Baheth's failure to file a timely appeal of the bankruptcy court order in district court was due to excusable neglect.[3]

CONCLUSION

For the foregoing reasons, Baheth's appeal is dismissed.

---

[3]Given the procedural history and posture of this case, we can conceive of no effective alternative to dismissal, nor does the appellant advocate that any such alternative exists.