**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: GEORGE W. HARRIS, III,
Debtor.

UNIPAC SERVICE CORPORATION; TEXAS
GUARANTEED STUDENT LOAN,
Plaintiffs-Appellees,

No. 96-2505

v.

GEORGE W. HARRIS, III,
Defendant-Appellant,

v.

ROY V. CREASY, Trustee,
Party in Interest.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Jackson L. Kiser, Senior District Judge.
(CA-96-662-R, BK-93-2118-HPR-7, AP-95-25)

Submitted: October 14, 1997

Decided: November 17, 1997

Before HAMILTON and WILLIAMS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

George W. Harris, III, Appellant Pro Se. Seth Eli Twery, HUFF, POOLE & MAHONEY, P.C., Lynchburg, Virginia; UNIPAC SERVICE CORPORATION, Denver, Colorado, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

George W. Harris, III appeals from the district court's orders (1) summarily reversing the bankruptcy court's order determining that his student loan was dischargeable under the "undue hardship" provision of 11 U.S.C. § 523(a)(8)(B) (1994), because he failed to file an appellee's brief, and (2) denying his motion for reconsideration. Because we find that the district court erred in reversing the bankruptcy court's decision, we vacate and remand for further proceedings consistent with this opinion.

Harris filed a petition in bankruptcy under Chapter 7 in 1993. Included among his debts was a $50,000 student loan, which is the subject of this appeal. Citing Harris' drug addiction, criminal convictions, and the suspension of his right to practice law in Virginia, the bankruptcy court determined that Harris proved that repaying the loan would impose an "undue hardship" on Harris and his dependents and that his student loan was, therefore, dischargeable under § 523(a)(8)(B). The creditor, Texas Guaranteed Student Loan Corp., appealed to the district court.

The district court issued a form notice to Harris notifying him that "The appellee shall serve and file his brief within fifteen (15) days

2

after service of the brief of appellant." The notice contained no warning concerning the effect of failing to file a brief.*

Harris failed to file a brief and, on September 24, 1996, without any prior notice to Harris, the district court "deem[ed] the errors assigned by the appellant to have been confessed by the appellee," and reversed the bankruptcy court's order declaring the debt dischargeable. Harris filed a "Motion to Rehear" stating that he had been unable to prepare an adequate brief because he could not afford a transcript and that, due to his long commute (150 miles round-trip, daily), he had been unable to review the transcript which was filed in the district court. The district court denied the motion. Harris appeals.

Bankruptcy Rule 8009 sets the time limits for filing briefs in appeals from bankruptcy court to the district court. Adherence to Rule 8009 is non-jurisdictional. See Balaber-Strauss v. Reichard (In re Tampa Chain Co.), 835 F.2d 54, 55 (2d Cir. 1987); see also Bankr. R. 8001(a) (providing that an appellant's failure "to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court . . . deems appropriate, which may include dismissal of the appeal"). Bankruptcy Rule 8009(a)(2) provides that the appellee must serve and file a brief within fifteen days after service of the brief of the appellant. The Bankruptcy Rules do not provide a sanction for violation of Rule 8009(a)(2). By comparison, the Federal Rules of Appellate Procedure provide only that the consequence of an appellee's failure to file a brief is that the "appellee will not be heard at oral argument except by permission of the court." Fed. R. App. P. 31(c).

The majority of cases interpreting Rule 8009 involve dismissal of an appeal due to an appellant's, rather than an appellee's, failure to file a brief. Because summary reversal of the bankruptcy court is the equivalent sanction for an appellee's failure to file a brief as is dismissal of an appeal for an appellant's failure to file a brief, the district

---

*The district court's order refers to "a letter of August 26, 1996, that the case would be disposed of without [Harris'] brief if he failed to file a brief by August 30, 1996." However, the letter is not contained in the record, and there is no entry in the docket showing that the letter was sent.

court must meet, at a minimum, the rules governing the latter sanction.

To determine whether to dismiss a bankruptcy appeal for an appellant's failure to timely file a brief, the district court must exercise its discretion under Bankruptcy Rule 8001(a). Resolution Trust Corp. v. SPR Corp. (In re SPR Corp.), 45 F.3d 70, 74 (4th Cir. 1995). In applying Rule 8001(a), the district court must take one of the four steps outlined in Serra Builders, Inc. v. John Hanson Savs. Bank FSB (In re Serra Builders, Inc.), 970 F.2d 1309 (4th Cir. 1992). Specifically, the court must: "(1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives." Id. at 1311. Proper application of the Serra Builders test requires the court to consider and balance all relevant factors. See In re SPR Corp., 45 F.3d at 74; see also McGahren v. First Citizens Bank & Trust Co. (In re Weiss), 111 F.3d 1159, 1173 (4th Cir. 1997) (applying test) petition for cert. filed, 66 USLW 3171 (Aug. 18, 1997) (No. 97-366).

Here, the district court did not examine Harris' failure to make this non-jurisdictional filing in light of Rule 8001(a) and the balancing test set forth in Serra Builders and explained in SPR Corp.

Accordingly, we vacate the district court's orders reversing the bankruptcy court's order and denying Harris' motion for reconsideration and remand this case to the district court for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

4