**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

**No. 98-40340**

---

**In the Matter of:**

**LEO ROGERS DUGAS,**

**Debtor,**

---

**LEO ROGERS DUGAS; VALERIE DARLENE DUGAS,**

**Appellants,**

**v.**

**THE STATE OF TEXAS,**

**Appellee,**

---

**Appeals from the decision of the United States District Court
for the Eastern District of Texas**
(1:97-CV-552)

---

November 27, 1998

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[1]

During the prosecution of this bankruptcy appeal before the district court, the appellants failed to include in the appellate record the relevant findings of fact and conclusions of law, which had been read into the record at a hearing before the bankruptcy court. The State of Texas moved to compel the inclusion of the bankruptcy court's findings and conclusions. On February

---

[1] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

10, 1998, the district court ordered the appellants to file an official copy of the transcript containing the bankruptcy court's findings and conclusions within thirty days. Moreover, the district court warned that failure to comply with the order would constitute grounds for dismissal for want of prosecution. On March 4, 1998, the district court rejected the appellants' motion for reconsideration and reiterated the necessity for complying with the previous order. When the appellants failed to act, the district court dismissed their appeal for want of prosecution. The pro se appellants timely appealed the dismissal to this court.

We review for an abuse of discretion the district court's dismissal for want of prosecution. See McCloud River R.R. Co. v. Sabine River Forest Prods., Inc., 735 F.2d 879, 883 (5th Cir. 1984). Under Fed. R. Bankr. P. 8006, the appellants must shoulder the "initial responsibility" for including "all the items relevant and necessary to [their] position" in the appellate record,[2] including "any opinion, findings of fact, and conclusions of law of the [bankruptcy] court."[3] The appellants' pro se status does not relieve them of their duty to comply with a court's procedural rules. See United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).

---

[2] See Ichinose v. Homer Nat'l Bank (In re Ichinose), 946 F.2d 1169, 1173-74 (5th Cir. 1991).

[3] Fed. R. Bankr. P. 8006.

The district court's action was within its discretion. Cf. M.A. Baheth Constr. Co. v. Schott (In re M.A. Baheth Constr. Co.), 118 F.3d 1082, 1083-84 (5th Cir. 1997) (comparing discretionary dismissal under Fed. R. App. P. 6(b)(2)(ii) to dismissal for failure to properly file record pursuant to Fed. R. Bankr. P. 8001(a), 8006) (citing with approval Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994) and Serra Builders, Inc. v. John Hanson Sav. Bank FSB (In re Serra Builders, Inc.), 970 F.2d 1309, 1311 (4th Cir. 1992)). On at least two occasions, the district court warned the appellants of their duty, under Fed. R. Bankr. P. 8006, to include "any opinion, findings of fact, and conclusions of law of the [bankruptcy] court" in the record on appeal. When the appellants failed to comply with the order, the district court dismissed their appeal. In the face of the district court's repeated warnings, the appellants' continuing refusal to provide the necessary record excerpts, or to offer an acceptable excuse for their failure to do so, furnished a sufficient basis for a discretionary dismissal of their appeal. See In re Serra Builders, 970 F.2d at 1311 (dismissal appropriate after court gives notice and grants opportunity to explain delay).

**AFFIRMED.**