**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

EDGAR S. SKINNER, Debtor,
Plaintiff-Appellant,

v.                                                                    No. 98-1627

FIRST UNION NATIONAL BANK,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Virginia, at Harrisonburg.
James H. Michael, Jr., Senior District Judge.
(CA-98-10-H, Bk-5-95-1090-7, AP-96-14)

Argued: March 3, 1999

Decided: May 3, 1999

Before WILKINSON, Chief Judge, and MICHAEL and
MOTZ, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Gary Michael Bowman, Roanoke, Virginia, for Appel-
lant. John Edward Davidson, MCGUIRE, WOODS, BATTLE &
BOOTHE, L.L.P., Charlottesville, Virginia, for Appellee. **ON
BRIEF:** Kurt J. Krueger, Joel H. Trotter, MCGUIRE, WOODS,
BATTLE & BOOTHE, L.L.P., Charlottesville, Virginia, for Appel-
lee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The district court dismissed Edgar Skinner's appeal of a bankruptcy court order because his lawyer failed to file a brief on time. The court also denied Skinner's motion to reconsider. Because the district court did not consider (at the time of dismissal) the factors set out in In re Serra Builders, Inc., 970 F.2d 1309 (4th Cir. 1992), and In re SPR Corp., 45 F.3d 70 (4th Cir. 1995), we vacate the dismissal order and the order denying reconsideration. The case is remanded for new proceedings on what should be done about the late brief.

I.

Skinner operated Arena Sports, Inc., an indoor recreation center in Stuart's Draft, Virginia. Both Skinner and Arena Sports filed for bankruptcy in December of 1995. Skinner had borrowed money to build the recreation center from a predecessor of First Union National Bank. This loan was secured by deeds of trust on Skinner's commercial real estate and on his home. Thus, when Skinner went into bankruptcy, First Union held valid liens against both his commercial and residential property.

The waters began to get muddy when First Union failed to file a proof of claim in Skinner's bankruptcy. Thereafter, when another secured creditor (the SBA) sought relief from the automatic stay to foreclose against Skinner's home, Skinner objected for two reasons: first, he argued that First Union's failure to file a claim barred the bank from receiving a distribution from any sale of either the commercial or residential property; second, Skinner believed that his remaining creditors might be satisfied by the sale of the commercial property alone. The bankruptcy court overruled Skinner's objection, concluding that First Union's failure to file a proof of claim did not bar it from receiving a distribution of sale proceeds from the trustee.

2

Skinner appealed to the district court. According to Skinner, the district court deferred a decision on the merits of that appeal and directed the bankruptcy court to determine the amount First Union was owed and report back to the district court. Instead of reporting back, the bankruptcy court allowed First Union to file a proof of claim. Skinner objected on the grounds of untimeliness, and the bankruptcy court entered an order overruling that objection. Skinner then appealed a second time to the district court, expecting that First Union's failure to file a proof of claim by the bar date would finally be addressed. This time, a late filing by Skinner himself got matters off track. The district court clerk directed Skinner to file his appeal brief by a certain date, pursuant to Bankruptcy Rule 8009(a)(1). Skinner's lawyer prepared the brief and gave it to a temporary secretary, who was instructed to send the brief to the court by express mail, in time to meet the deadline. Two weeks later, Skinner's lawyer received a district court order dismissing the appeal because no brief had been filed. The lawyer searched his office and discovered the unmailed brief in a desk drawer.

Skinner promptly filed a motion to reconsider (with the brief attached) and asked the district court to allow him to submit his brief late. The court denied the motion, concluding that Skinner's lawyer had not established excusable neglect. Skinner appeals both the underlying order dismissing the appeal and the order denying his motion for reconsideration.

II.

There are two orders on appeal, and different tests governed the entry of each of them, even though both dealt with the failure to file a brief on time. We will first discuss the order denying the motion to reconsider because there the district court provided its reasoning in a memorandum.

Skinner moved the district court to reconsider the dismissal under Fed. R. Civ. P. 60(b), which provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:

3

> (1) mistake, inadvertence, surprise, or excusable neglect
>
> . . . .

Fed. R. Civ. P. 60(b)(1). Skinner's Rule 60(b) motion asserted "excusable neglect" by his lawyer, and the district court evaluated the motion on that ground. The court relied in large part on the Supreme Court's interpretation of the term "excusable neglect" in <u>Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership</u>, 507 U.S. 380 (1993). There, in the context of Bankruptcy Rule 9006(b)(1), the Court said that the factors to be considered in determining excusable neglect include: "[1] danger of prejudice to the [non-movant], [2] the length of delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and[4] whether the movant acted in good faith." <u>Pioneer</u>, 507 U.S. at 395. We have indicated that this approach is not limited to Bankruptcy Rule 9006(b)(1), but has general application to the consideration of excusable neglect. <u>See, e.g.</u>, <u>Thompson v. E.I. DuPont de Nemours & Co., Inc.</u>, 76 F.3d 530, 533 (4th Cir. 1996) (citing <u>United States v. Hooper</u>, 9 F.3d 257, 259 (2d Cir. 1993), for the proposition that "nothing in <u>Pioneer</u> limits its interpretation of `excusable neglect' to the Bankruptcy rules"). Thus, the district court reasonably applied the <u>Pioneer</u> factors in considering Skinner's Rule 60(b) motion.

In applying the <u>Pioneer</u> factors, the district court concluded (1) that "the `prejudice prong' . . . is not dispositive either way" and (2) that the two-week delay in the filing of the brief was"not unreasonably burdensome" on the judicial process. The court then considered <u>Pioneer</u> factors (3) and (4) -- cause of the delay and the movant's good faith -- and concluded that both factors weighed against Skinner. As to those factors, the court said that "counsel's excuses ring hollow." The court attributed the delay to "mere inattentiveness" on the part of Skinner's lawyer. In addition, the court noted that the lawyer had prior difficulty with deadlines or scheduling in bankruptcy court.[1] All in all, the district court found that Skinner's "counsel's inattentiveness [was] especially inexcusable" and concluded that the

---

[1] At oral argument before us Skinner's lawyer maintained that any prior difficulty was solely the result of miscommunication.

4

late filing was not due to excusable neglect. Skinner's Rule 60(b) motion was accordingly denied.

If the order denying the Rule 60(b) motion was the only matter before us, we would be hard pressed to find any abuse of discretion on the part of the district court. As we have noted, however, the initial order dismissing the bankruptcy appeal has also been appealed, so we must also consider the propriety of that order. That order's entry was not governed by the "excusable neglect" standard. Instead, a different test applies in deciding whether to order the dismissal of a bankruptcy appeal for the tardy filing of a brief. The test was set forth in In re Serra Builders, Inc., 970 F.2d 1309 (4th Cir. 1992), and clarified in In re SPR Corp., 45 F.3d 70 (4th Cir. 1995).

In Serra we said that a district court must take at least one of the following steps before dismissing a bankruptcy appeal on non-jurisdictional procedural grounds: "(1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives." Serra, 970 F.2d at 1311. In SPR we added that all relevant Serra factors had to be weighed:

> Any fair reading of Serra reveals that a proper application of its test will normally require a district court to consider and balance all relevant factors, including the good faith of the appellant (see step one) and possible prejudice to other parties (see step three). Finally, throughout the process a district court should bear in mind that, although dismissal is an option, less drastic alternatives must be considered (see step four).

SPR, 45 F.3d at 74.

Skinner argues that because the district court did not apply the Serra/SPR test in dismissing his appeal, the dismissal order should be vacated and the case remanded for application of that test.

First Union counters that Skinner has waived the Serra/SPR argu-

5

ment because he did not mention those cases in connection with his Rule 60(b) motion. We disagree. Skinner's appeal was dismissed without notice, so he had no chance to argue prior to dismissal that Serra/SPR applied. Skinner's hands were tied by the time he made his motion for reconsideration because an "excusable neglect" standard governed that motion, and Skinner was correct to argue under that standard.**2**

First Union next argues that even if the Serra/SPR factors should have been applied initially, the district court sufficiently covered them in deciding the Rule 60(b) motion. That argument, however, falls somewhat short. We agree with the bank that the court's Rule 60(b) memorandum does include a finding of negligence on the part of Skinner's lawyer (Serra/SPR factor (1)). The district court also considered whether the delay in filing prejudiced the bank (Serra/SPR factor (3)). It is a closer question whether factor (2) was covered. That factor requires the court to give the late filer notice and an opportunity to explain the delay. First Union argues that Skinner's lawyer had the opportunity to explain the delay in his papers supporting the Rule 60(b) motion. That is true enough, but by that time Skinner was at a significant disadvantage: his appeal had been dismissed. Serra and SPR contemplate that the late filer be given a chance to explain himself before any adverse action is taken. In any case, we need not decide whether factor (3) was satisfied because factor (4) was not considered at all. Factor (4) requires the court to "consider[ ] the impact of the sanction and available alternatives." Serra, 970 F.2d at 1311. There is nothing in the district court's Rule 60(b) memorandum to indicate that the court considered any sanction less drastic than dismissal of the appeal. For that reason, we must vacate the dismissal and remand for the district court to start afresh, applying the Serra/SPR factors.

We note in closing that under Bankruptcy Rule 8001(a) "[f]ailure of an appellant to take any steps other than the timely filing of notice of appeal . . . is ground only for such action as the district court . . . deems appropriate, which may include dismissal of the appeal." Fed.

_____

**2** Still, it could have been useful to the district court if Skinner had mentioned Serra and SPR when he made his Rule 60(b) motion.

6

Bankr. R. 8001(a). Dismissal, of course, is the ultimate sanction, but we take no position on what the outcome should be on remand.

III.

The district court's order dismissing Skinner's bankruptcy appeal is vacated. Because we vacate the underlying order, we also vacate as moot the order denying Skinner's motion for reconsideration. The case is remanded for the district court to consider (in light of the Serra/SPR factors) what action, if any, should be taken against Skinner for his lawyer's failure to file a timely brief.

VACATED AND REMANDED

7