**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

PERNELL WILKINS; SOLLIE WILKINS,
Plaintiffs-Appellants,

v.                                                                                  No. 98-2554

CYNTHIA S. WILKINS,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CA-98-135-3, BK-95-3154-T)

Submitted: April 20, 1999

Decided: May 20, 1999

Before WILKINS and WILLIAMS, Circuit Judges, and HALL,
Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Pernell Wilkins, Sollie Wilkins, Appellants Pro Se. Neal Orion Reid,
BANKRUPTCY LEGAL CLINIC OF RICHMOND, Richmond, Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Sollie and Pernell Wilkins appeal from the district court's orders dismissing their appeal from the bankruptcy court for failure to prosecute and denying their motion for reconsideration. We vacate the district court's orders and remand this action to the district court for further proceedings.

The Wilkinses timely noted their appeal from the bankruptcy court's order dismissing their adversary proceeding, but failed to take any further action to prosecute their appeal, including filing a designation of the record and a statement of issues for appeal or filing their appeal brief. The district court dismissed the appeal for failure to prosecute. After the district court denied the Wilkinses' motion for reconsideration of the dismissal, the Wilkinses timely noted their appeal to this court.

Bankruptcy Rule 8006 provides that an appellant must designate the items to be included in the record on appeal and file a statement of the issues within ten days of filing the notice of appeal. Bankruptcy Rule 8009(a)(1) provides that the appellant must serve and file a brief within fifteen days after entry of the appeal on the docket. To determine whether to dismiss a bankruptcy appeal for failure to timely file the designation of the record, the statement of issues, or appeal brief, the district court must exercise its discretion under Bankruptcy Rule 8001(a). See In re SPR Corp., 45 F.3d 70, 74 (4th Cir. 1995). In applying Rule 8001(a), the district court must take one of the four steps outlined in In re Serra Builders, Inc., 970 F.2d 1309 (4th Cir. 1992). Specifically, the court must: "(1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives," keeping in mind that dismissal is a "harsh sanction which a district court must not impose lightly." Id. at 1311. Proper application of the Serra Builders test requires the court to consider and balance all relevant factors.

In this case, the Wilkinses admittedly did not timely file the designation of the record or the statement of issues as required by Rule

2

8006, or file their appeal brief as required by Rule 8009(a)(1). The district court dismissed the appeal for failure to prosecute. The district court's failure to exercise its discretion by examining the Wilkinses' failure to make these non-jurisdictional filings in light of Rule 8001(a) and the balancing test set forth in Serra Builders and explained in SPR Corp., requires a remand. See James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993).

Accordingly we vacate the district court orders dismissing the Wilkinses' appeal and denying reconsideration and remand this case to the district court for application of Bankruptcy Rule 8001(a), as explained in Serra Builders and SPR Corp . We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED