**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-1996**

---

HUSSEIN BARAKE,

Appellant,

versus

GEORGE ROBERTS HILL, III,

Appellee.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Henry Coke Morgan, Jr., Senior District Judge. (CA-04-327-2; BK-03-75686; BK-7191-AP)

---

Submitted: December 17, 2004      Decided: January 12, 2005

---

Before WILLIAMS and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Vacated and remanded by unpublished per curiam opinion.

---

Hussein Barake, Appellant Pro Se.  Brian Gay, GAY, CIPRIANO & ARRINGTON, P.C., Virginia Beach, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Hussein E. Barake appeals from the district court's orders dismissing his appeal from the bankruptcy court's order denying his objection to the discharge of an indebtedness in the underlying bankruptcy proceeding. The district court dismissed the appeal because Barake failed to file a brief on time. We vacate and remand for further proceedings.

Barake timely appealed to the district court from the bankruptcy court's order and filed a designation of the record and statement of issues for appeal, as required by Fed. R. Bankr. P. 8006. His brief was due by June 11, 2004. See Fed. R. Bankr. P. 8009. The district court dismissed Barake's appeal on June 30, 2004, for failure to file a brief. Barake's brief was received by the district court the next day. On July 7, the district court denied Barake permission to file the late brief, noting that it had already dismissed his appeal. Barake noted a timely appeal to this court.

Rule 8009 provides that an appellant must serve and file a brief within fifteen days after entry of the appeal on the docket. However, adherence to Rule 8009 is non-jurisdictional. See Bankr. R. 8001(a) (providing that an appellant's failure to "take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court . . . deems appropriate, which

- 2 -

may include dismissal of the appeal"). Although the district court has the discretion to dismiss an appeal if the appellant fails to comply with the procedural requirements of the bankruptcy rules, the court must exercise its discretion under Rule 8001(a). In re SPR Corp., 45 F.3d 70, 74 (4th Cir. 1995). In applying Rule 8001(a), the district court must take one of the four steps outlined in In re Serra Builders, Inc., 970 F.2d 1309 (4th Cir. 1992). Specifically, the court must: "(1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives," keeping in mind that dismissal is a "harsh sanction which the district court must not impose lightly." Id. at 1311. Proper application of the Serra Builders test requires the court to consider and balance all relevant factors. SPR Corp., 45 F.3d at 74.

Here, the district court failed to consider any of these factors. Indeed, although the court refers to a letter sent to Barake from the clerk's office warning him of the risk of failing to file a brief, there is no copy of the letter in the record nor is there a clear indication in the docket that such a letter was ever sent.

The district court's failure to exercise its discretion by examining Barake's failure to file his brief in light of the balancing test set forth in Serra Builders and explained in SPR Corp. constitutes an abuse of its discretion. See James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993).

Accordingly, we vacate the district court's orders dismissing Barake's appeal and remand the case for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED