**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――――――

**No. 04-2025**

―――――――――――――

In Re:  LISA ANNETTE BROADNAX,

Debtor.

----------------------------

LISA ANNETTE BROADNAX,

Plaintiff - Appellant,

versus

FRANK J. SANTORO,

Defendant - Appellee,

versus

US TRUSTEE,

Party in Interest.

―――――――――――――

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Raymond A. Jackson, District Judge.  (CA-04-349; BK-02-72575-DHA)

―――――――――――――

Submitted:  January 31, 2005          Decided:  March 3, 2005

―――――――――――――

Before LUTTIG, SHEDD, and DUNCAN, Circuit Judges.

―――――――――――――

Vacated and remanded by unpublished per curiam opinion.

Lisa Annette Broadnax, Appellant Pro Se.  Kelly M. Barnhart, MARCUS, SANTORO & KOZAK, P.C., Chesapeake, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Lisa Broadnax appeals from the district court's order dismissing her appeal from a bankruptcy court order for failure to file an appellate brief in accordance with Fed. R. Bankr. P. 8009. We vacate the district court's order and remand for further proceedings.

Broadnax's appeal was docketed in the district court on June 8, 2004. On June 15, 2004, Broadnax filed a "Request to Amend Appeal Brief Filed on 5/20/04", along with an "Amended Appeal Brief." On July 19, the district court denied Broadnax's motion. On August 5, the district court dismissed Broadnax's appeal for failure to file a brief in accordance with Rule 8009. Broadnax noted a timely appeal to this court.

We find that Broadnax's "Amended Appeal Brief," filed within the requisite fifteen days after her appeal was docketed (see Fed. R. Bankr. P. 8009), should have been considered as her appeal brief. Although Broadnax's motion references an original appeal brief filed on May 20, 2004, that brief is not in the record. Broadnax may have been confused or the brief may have been lost. In the absence of an original brief, Broadnax's amended brief should have been accepted as her brief.

Even if Broadnax had filed no brief at all, the district court's dismissal of her appeal was an abuse of discretion. Rule 8009 provides that an appellant must serve and file a brief within

fifteen days after entry of the appeal on the docket. Accordingly, Broadnax's brief was due by June 23, 2004. However, adherence to Rule 8009 is non-jurisdictional. See Bankr. R. 8001(a) (providing that an appellant's failure to "take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court . . . deems appropriate, which may include dismissal of the appeal").

The district court thus has the discretion to dismiss an appeal if the appellant fails to comply with the procedural requirements of the bankruptcy rules, including failing to meet the time limits for filing an appeal brief. To determine whether to dismiss a bankruptcy appeal for failure to timely file a brief, the district court must exercise its discretion under Bankruptcy Rule 8001(a). In re SPR Corp., 45 F.3d 70, 74 (4th Cir. 1995). In applying Rule 8001(a), the district court must take one of the four steps outlined in In re Serra Builders, Inc., 970 F.2d 1309 (4th Cir. 1992). Specifically, the court must: "(1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives," keeping in mind that dismissal is a "harsh sanction which the district court must not impose lightly." Id. at

1311.  Proper application of the <u>Serra Builders</u> test requires the court to consider and balance all relevant factors.  <u>SPR Corp.</u>, 45 F.3d at 74.

Here, the district court failed to consider any of these factors.  The district court's failure to exercise its discretion in accordance with <u>Serra Builders</u> and <u>SPR Corp.</u> amounts to an abuse of its discretion.  <u>See</u> <u>James v. Jacobson</u>, 6 F.3d 233, 239 (4th Cir. 1993) (stating that abuse of discretion may occur by failure to exercise discretion, failure to take into account judicially recognized factors constraining exercise of discretion, or erroneous factual or legal premises).

Accordingly, we vacate the district court's order dismissing Broadnax's appeal and remand for further proceedings consistent with this opinion.  We deny Broadnax's motion for sanctions and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>