**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-1126**

In Re:  BEVERLY BYRD; RALPH T. BYRD,

Debtors.

- - - - - - - - - - - - - - - - -

BEVERLY BYRD; RALPH T. BYRD,

Debtors - Appellants,

versus

GREGORY P. JOHNSON,

Trustee - Appellee.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Alexander Williams, Jr., District Judge. (8:06-cv-02704-AW; BK-04-35620; BK-01-25006; AP-06-02008)

Submitted:  October 31, 2007      Decided:  November 19, 2007

Before WILKINSON, GREGORY, and DUNCAN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Ralph T. Byrd, Laytonsville, Maryland, for Appellants.  James M. Hoffman, John D. Sadler, SHULMAN, ROGERS, GANDAL, PORDY & ECKER, P.A., Rockville, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ralph T. Byrd and Beverly Byrd appeal from the district court's order dismissing their appeal from the bankruptcy court for failure to prosecute. We vacate the district court's order and remand this action to the district court for further proceedings.

The Byrds timely noted their appeal from the bankruptcy court's order granting the motion to compel payment of allowed administrative expense claims of the former Chapter 7 and Chapter 11 trustees and counsel for the former trustees. When the Byrds failed to file their statement of issues and designation of the record within the time allowed by Bankruptcy Rule 8006, the district court ordered them to show cause why the appeal should not be dismissed. Also in that order, the court stated that the notice sent to the parties by the clerk's office, which directed the Byrds' brief to be filed within fifteen days, should be disregarded and that a briefing schedule would be set if the case continued.

After considering the Byrds' response to the show cause order, the district court allowed the case to continue and ordered that the previous order directing the Byrds to show cause be discharged. No new briefing schedule was issued.

After a month passed and the Byrds failed to file an appeal brief, the district court issued a second order for them to show cause why sanctions should not be imposed. The Byrds responded, stating that they had not filed their brief because they

were waiting for the court to issue a new briefing schedule, as stated in the first show cause order.

The district court found, in light of the facts that the first show cause order was "discharged" and that this event occurred more than a month prior to the district court's issuance of the second show cause order for failure to file an appeal brief within fifteen days of the docketing of the appeal, that the Byrds failed to show good cause for their failure to file a brief. The court concluded that the failure to prosecute was negligent and that further delay would result in prejudice to the other parties and to the orderly and expeditious administration of the affairs of the bankruptcy court. The court therefore dismissed the Byrds' appeal.

Bankruptcy Rule 8009(a)(1) provides that the appellant must serve and file a brief within fifteen days after entry of the appeal on the docket. To determine whether to dismiss a bankruptcy appeal for failure to timely file the designation of the record, the statement of issues, or appeal brief, the district court must exercise its discretion under Bankruptcy Rule 8001(a). See In re SPR Corp., 45 F.3d 70, 74 (4th Cir. 1995). In applying Rule 8001(a), the district court must consider the four factors outlined in In re Serra Builders, Inc., 970 F.2d 1309 (4th Cir. 1992). Specifically, the court must: "(1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to

explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; and (4) indicate that it considered the impact of the sanction and available alternatives," keeping in mind that dismissal is a "harsh sanction which a district court must not impose lightly." Id. at 1311. Proper application of the Serra Builders test requires the court to consider and balance all relevant factors.

In this case, the Byrds admittedly did not file their appeal brief within the time required by Rule 8009(a)(1). Upon considering the first three factors, the district court dismissed the appeal for failure to prosecute. The district court's failure to exercise its discretion and consider alternative sanctions for the Byrds' failure to make these non-jurisdictional filings, as required by Serra Builders, 970 F.2d at 1311, and SPR Corp., 45 F.3d at 74, requires a remand. See James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993).

Accordingly we vacate the district court order dismissing the Byrds' appeal and remand this case to the district court for application of Bankruptcy Rule 8001(a), as explained in Serra Builders and SPR Corp.. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED