**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-1475**

---

SYLVIA N. EMIABATA; PHILIP O. EMIABATA,

        Debtors - Appellants,

     v.

MICHAEL BRANDON BURNETT,

        Trustee - Appellee.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:24-cv-00101-D)

---

Submitted:  June 12, 2025                        Decided:  June 16, 2025

---

Before HARRIS and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

---

Vacated and remanded by unpublished per curiam opinion.

---

Sylvia N. Emiabata and Philip Emiabata, Appellants Pro Se.  Michael Brandon Burnette, OFFICE OF THE CHAPTER 13 TRUSTEE, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sylvia and Philip Emiabata appeal from the district court's order dismissing their appeal from the bankruptcy court for failure to prosecute. We vacate the district court's order and remand this action to the district court for further proceedings.

The Emiabatas timely noted their appeal from the bankruptcy court's order dismissing their Chapter 13 bankruptcy petition, but they failed to take any further action to prosecute their appeal, including filing a designation of the record and a statement of issues for appeal and paying the filing fee. The bankruptcy court recommended that the district court dismiss the appeal on this basis. The district court accepted this recommendation and dismissed the appeal. The Emiabatas timely appealed that order to this court.

Bankruptcy Rule 8009 provides that an appellant must designate the items to be included in the record on appeal and file a statement of the issues within 14 days after the notice of appeal becomes effective. Fed. R. Bankr. P. 8009(a)(1). The district court has discretion to dismiss a bankruptcy appeal for failure to timely file the designation of the record or the statement of issues. Fed. R. Bankr. P. 8003(a)(2). In applying that discretion, the district court must consider the four factors outlined in *In re Serra Builders, Inc.*, 970 F.2d 1309 (4th Cir. 1992). Specifically, the court must: "(1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives," keeping in mind that dismissal is a "harsh sanction which a district court must not impose

2

lightly." *Id.* at 1311. Proper application of the *Serra Builders* test requires the court to consider and balance all relevant factors. *In re SPR Corp.*, 45 F.3d 70, 74 (4th Cir. 1995).

In this case, the Emiabatas did not timely file a designation of the record or their statement of issues as required by Rule 8009. The district court dismissed the appeal on this basis without providing the Emiabatas an opportunity to explain their noncompliance with the time limit and without addressing the factors identified in *Serra Builders*. This omission amounts to an abuse of discretion. *See James v. Jacobson*, 6 F.3d 233, 239 (4th Cir. 1993).

Accordingly, we vacate the district court's order dismissing the Emiabatas' appeal and remand this case to the district court for application of the *Serra Builders* balancing test. *See SPR Corp.*, 45 F.3d at 74. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*