# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 17, 2010

No. 09-40439
Summary Calendar

Charles R. Fulbruge III
Clerk

In the Matter of:  BFG Investments LLC,

Debtor.

_____

JOHN E. VILLEGAS,

Appellant,

v.

TEXAS STATE BANK; TEXAS REGIONAL BANCSHARES
CORPORATION; BOB NORMAN; SUE CIZLER; PAUL MOXLEY; GLENN
RONEY; RUEBEN COLE; BALDEMAR F. GUTIERREZ,

Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:08-CV-112

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-40439

John Villegas appeals from the district court's order affirming the bankruptcy court's exercise of core jurisdiction to enter a final order sanctioning Villegas and dismissing his case. We hold that Villegas impliedly consented to the bankruptcy court's entry of final judgment by failing to object to the bankruptcy court's exercise of core jurisdiction. Accordingly, we affirm.

**I**

Villegas is the majority interest owner in BFG Investments, LLC and BFG Development, Inc. (collectively BFG). In 2005, each BFG entity filed a voluntary petition under Chapter 11 of Title 11 of the U.S. Bankruptcy Code, and both cases were later converted to Chapter 7 proceedings. Subsequently, BFG Investments filed an action in state court seeking to prevent Texas State Bank (TSB) from foreclosing on its real estate. TSB removed the action to bankruptcy court, and the bankruptcy court declined BFG's request for a preliminary injunction to enjoin the foreclosures. The bankruptcy court also imposed the following sanction on Villegas for his conduct in relation to the preliminary injunction hearing:

> Mr. John E. Villegas is enjoined from asserting any right to any property of BFG Investments, LLC's bankruptcy estate. Without limiting the generality of the preceding sentence, Mr. Villegas shall not file any lawsuit or make any demand against any person or entity asserting any irregularity in the provision of insurance or banking services to BFG Investments, LLC.

The district court affirmed the imposition of this sanction on appeal. Ultimately, an agreed final judgment was entered into in the adversary proceeding, pursuant to which the Chapter 7 trustee released TSB, its agents, successors, and assigns from any and all claims owned by the bankruptcy estate, including "any claim that the foreclosures conducted by TSB were unlawful, in violation

of the Bankruptcy Code, Texas law or the documents pledging [BFG Investments'] property to TSB."

Subsequently, Villegas filed an action in state court on behalf of BFG concerning alleged misconduct by TSB and others that resulted in the foreclosures at issue in the prior state court and adversary proceedings. The bank defendants (referred to collectively as TSB) removed to bankruptcy court. In the notice of removal, TSB alleged:

> The State Court Case involves matters concerning the administration of the BFG Bankruptcies and their Estates, possible counterclaims by the BFG Bankruptcy Estates against TSB, which filed claims in both BFG cases, the automatic stay, the use of cash collateral and proceedings affecting the liquidation of the assets of the BFG Bankruptcy Estates, as well as matter adjudicated in an adversary proceeding before the Bankruptcy Court. The State Court Case is, therefore, a core proceeding pursuant to 28 U.S.C. § 157.

After removal, TSB filed a motion to dismiss and motion for sanctions on the grounds that Villegas's claims were adjudicated in the prior adversary action in bankruptcy court, barred by the court's sanctions order in that proceeding, and released by agreed judgment. After a hearing, the bankruptcy court determined that Villegas had violated the court's previous sanctions order by filing a state court complaint asserting causes of action owned by BFG. The court granted TSB's motion for sanctions and dismissed the adversary proceeding.

Villegas then appealed to the district court. After the district court dismissed all but one of Villegas's arguments on appeal as frivolous, the sole issue was whether the bankruptcy court had core jurisdiction to issue a final order in the adversary proceeding. The district court concluded that TSB asserted core jurisdiction in its notice of removal and that Villegas impliedly consented to have the bankruptcy court "enter appropriate orders and judgments" by failing to object to the bankruptcy court's core jurisdiction or

authority to enter any final order or judgment during the adversary proceeding. The district court also determined that the current adversary proceeding was a core proceeding because: (1) it concerned allegations against TSB that were adjudicated and then released in a prior core proceeding; and (2) it directly violated the sanctions order of the bankruptcy court in that proceeding. Accordingly, the district court affirmed the bankruptcy court's exercise of core jurisdiction to enter its final order.  This appeal followed.

## II

Villegas argues that the district court erred in concluding that the adversary proceeding in bankruptcy court was a core proceeding.  Villegas contends that the adversary proceeding was a non-core proceeding, requiring the district court to conduct a de novo hearing and treat the bankruptcy court's decision as proposed findings of fact and conclusions of law.  We review de novo a bankruptcy court's conclusion that a proceeding is core under 28 U.S.C. § 157(b).[1]

Bankruptcy courts exercise jurisdiction in two types of cases: "core" proceedings, which "invoke a substantive right provided by title 11 or could arise only in the context of a bankruptcy case,"[2] and non-core proceedings, which are cases "'related to' the bankruptcy case . . . whose outcome could have any conceivable effect on the estate being administered in bankruptcy."[3] "Bankruptcy courts have full adjudicative power over core proceedings; in non-core proceedings they are restricted to issuing proposed findings of fact and

---

[1] *Gandy v. Gandy (In re Gandy)*, 299 F.3d 489, 494 (5th Cir. 2002); *Ins. Co. of N. Am. v. NGC Settlement Trust & Asbestos Claims Mgmt. Corp. (In re Nat'l Gypsum Co.)*, 118 F.3d 1056, 1062 (5th Cir. 1997).

[2] *Morrison v. W. Builders of Amarillo, Inc. (In re Morrison)*, 555 F.3d 473, 479 (5th Cir. 2009) (quoting *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987) (internal quotation marks omitted)).

[3] *Id.*

No. 09-40439

conclusions of law, which the district court may adopt or reject."[4]  However, "[i]n a non-core proceeding, the parties may consent to have a bankruptcy court 'enter appropriate orders and judgments.'  Such consent may be express or implied."[5] Furthermore, "[f]ailure to object in the bankruptcy court may constitute implied consent."[6]

Without deciding whether the adversary proceeding was a core proceeding, we hold that Villegas impliedly consented to the bankruptcy court's entry of final judgment by failing to object to the court's exercise of core jurisdiction.  As required by the Federal Rules of Bankruptcy Procedure, TSB's notice of removal stated that the state court case was "a core proceeding pursuant to 28 U.S.C. § 157."[7]  Villegas did not file a statement "admitting or denying [the] allegation in the notice of removal" that this was a core proceeding.[8]  Furthermore, Villegas did not object to the bankruptcy court's exercise of core jurisdiction until his appeal to the district court.  Therefore, because Villegas failed to object in

---

[4] *Beitel v. OCA, Inc. (In re OCA, Inc.)*, 551 F.3d 359, 367 (5th Cir. 2008).

[5] *Id.* at 368 (quoting 28 U.S.C. § 157(c)(2)).

[6] *Id.*; *see also M.A. Baheth & Co., Inc. v. Schott (In re M.A. Baheth Constr. Co., Inc.)*, 118 F.3d 1082, 1084 (5th Cir. 1997) ("[B]y failing to object to the bankruptcy court's assumption of core jurisdiction, Baheth impliedly consented to the court's entry of final judgment."); *McFarland v. Leyh (In re Tex. Gen. Petroleum Corp.)*, 52 F.3d 1330, 1337 (5th Cir. 1995) ("A party who fails to object to a bankruptcy court's assumption of core jurisdiction consents to that court's entry of final judgment.").

[7] *See* FED. R. BANKR. P. 9027(a)(1) (requiring a notice of removal to "contain a statement that upon removal of the claim or cause of action the proceeding is core or non-core and, if non-core, that the party filing the notice does or does not consent to entry of final orders or judgment by the bankruptcy judge").

[8] *See* FED. R. BANKR. P. 9027(e)(3) ("Any party who has filed a pleading in connection with the removed claim or cause of action . . . shall file a statement admitting or denying any allegation in the notice of removal that upon removal of the claim or cause of action the proceeding is core or non-core.  If the statement alleges that the proceeding is non-core, it shall state that the party does or does not consent to entry of final orders or judgment by the bankruptcy judge.").

5

No. 09-40439

bankruptcy court to that court's exercise of core jurisdiction, we hold that Villegas impliedly consented to the bankruptcy court's entry of final judgment.

\*    \*    \*

Accordingly, we AFFIRM the judgment of the district court.